[611 NYS2d 18]

In the Matter of JOSEPH LICATA (Admitted as JOSEPH A. LICATA), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 25, 1994

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

*Joseph Licata,* New York City, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained nine charges of professional misconduct against the respondent. The petitioner now moves to confirm the report of the Special Referee. The respondent has not submitted any papers in response to that motion.

The charges all emanate from the respondent's failure to cooperate with the legitimate investigations of the petitioner.

On March 3, 1992, the petitioner sent the respondent a letter furnishing him with a copy of a complaint against him. The respondent was requested to submit a written answer within 10 days. He failed to respond.

On August 28, 1992, the petitioner sent the respondent a follow-up letter, again requesting his written answer to that complaint. The respondent failed to respond to that letter.

On March 10, 1992, the petitioner sent the respondent a letter informing him of the existence of a *sua sponte* investigation based upon his alleged failure to maintain proper registration with the Office of Court Administration. The petitioner requested that the respondent submit a written answer to the allegation within 30 days. The respondent again failed to respond.

On August 28, 1992, the petitioner sent the respondent a follow-up letter, which again requested his written answer to the allegation that he had failed to maintain proper registration with the Office of Court Administration. The respondent again failed to respond.

On December 28, 1992, the petitioner sent the respondent a letter informing him that a *sua sponte* investigation had been commenced regarding his alleged failure to cooperate in the Grievance Committee's investigation of the complaint, as well as the respondent's alleged failure to maintain proper registration with the Office of Court Administration. The petitioner requested a written answer within 10 days. The respondent again failed to respond.

The petitioner sent the respondent a follow-up letter on March 17, 1993. The respondent, once again, failed to respond.

Based upon the respondent's failure to cooperate with respect to the complaint, he was guilty of conduct prejudicial to the administration of justice and conduct adversely reflecting on his fitness to practice law (Charges One and Two).

Based upon the respondent's failure to cooperate with the *sua sponte* investigation into his alleged failure to maintain proper registration with the Office of Court Administration, the respondent was guilty of conduct prejudicial to the administration of justice and conduct adversely reflecting upon his fitness to practice law (Charges Four and Five).

Based upon the respondent's failure to cooperate with the petitioner's investigation into his failure to cooperate with the investigation of the complaint as well as the respondent's alleged failure to maintain proper registration with the Office of Court Administration, the respondent was guilty of conduct prejudicial to the administration of justice and conduct reflecting adversely on his fitness to practice law (Charges Seven and Eight).

Based upon the respondent's admissions and the evidence adduced at the hearing, we conclude that Charges One, Two, Four, Five, Seven, and Eight were properly sustained. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted to that extent and is otherwise denied.

In determining an appropriate measure of discipline to impose, the Special Referee noted for the Court that the respondent's testimony was credible and convincing. Additionally, the respondent's previously unblemished record, his distraught emotional state, and his unequivocally expressed willingness to actively comply with the rules of professional conduct in the future, seemed sincere to the Special Referee and worthy of consideration as mitigating circumstances. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and HART, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that Charges One, Two, Four, Five, Seven, and Eight are sustained and the motion is otherwise denied; and it is further,

Ordered that the respondent, Joseph Licata, is reinstated to the practice of law, effective immediately; and it is further,

Ordered that the respondent, Joseph Licata, is censured for his misconduct.